IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ONNIE LONG, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| UNITED NATURAL FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## **AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Plaintiff further invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 for her state law claim

1

2.

The unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a female citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant United Natural Foods, Inc. is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

5.

Defendant is now and, at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. §§ 2000e(b), (g) & (h), and has employed more than fifteen (15) persons for the requisite duration under Title VII. Defendant is therefore covered under Title VII.

6.

Plaintiff was employed by Defendant from June 25, 2007 until the date of her termination on June 5, 2012.  Plaintiff was, therefore, an "employee" covered by Title VII under 42 U.S.C. § 2000e(f).

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, at 1201 Peachtree Street / Atlanta, GA 30361.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of retaliation against Defendant with the Equal Employment Opportunity Commission (EEOC).

9.

The EEOC issued a "Notice of Right to Sue" on April 8, 2013, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

11.

Plaintiff Onnie Long was hired by Defendant United Natural Foods, Inc. on June 25, 2007.

12.

During her employment with Defendant, Plaintiff's managers consistently gave her a performance rating of "Excellent" in her semiannual performance reviews.

13.

Approximately spring of 2012, Defendant's Warehouse Manager, Ayodeji Kehinde, engaged in overtly sexual behavior with a coworker in Plaintiff's presence on multiple occasions. After Plaintiff complained of this behavior, which she reasonably believed to constitute sexual harassment of her, to Human Resources Manager George Gibson, she was terminated for her complaint.

14.

More specifically, in March or April of 2012, a female coworker present in the room with Plaintiff and Mr. Kehinde asked Mr. Kehinde for a hug. When Mr. Kehinde and the coworker embraced in Plaintiff's presence, Mr. Kehinde layed his head on the coworker's breasts.

15.

On or about May 23, 2012, Plaintiff was working in a room with the same female coworker when Mr. Kehinde entered.  He sat next to the coworker and stared directly at her breasts while talking to her, all in Plaintiff's presence.  The coworker then said to Mr. Kehinde, "Why do you keep looking down my shirt at my breasts?  You must want to touch my titties."  At this, Plaintiff left the room.

16.

Shortly thereafter, on or about May 28, 2012, Plaintiff complained to Mr. Gibson, the Human Resources Manager, about Mr. Kehinde's behavior with the coworker in Plaintiff's presence.  Plaintiff complained that she felt uncomfortable and harassed by this behavior.  Plaintiff further complained that Mr. Kehinde showed favoritism toward the coworker, assigning her more desirable duties.

17.

Mr. Gibson replied by telling Plaintiff that the coworker had also reported Mr. Kehinde's sexual behavior to Mr. Gibson, but had decided not to file a formal complaint.  Mr. Gibson also told Plaintiff that Mr. Kehinde had been fired from his previous job because of a sexual harassment complaint against him.

18.

On June 5, 2012, Plaintiff was called into a meeting with Mr. Gibson, Mr. Kehinde and her direct supervisor, Matthew Corey. Mr. Gibson began the meeting by saying the meeting was a follow-up to Plaintiff's complaint of sexual harassment.

19.

During the meeting, Mr. Gibson told Plaintiff that she had slandered Mr. Kehinde and the coworker. Plaintiff was given a separation notice and told that her employment was terminated. The separation notice specifically listed "making false and malicious statements concerning associates" (meaning Mr. Kehinde and the coworker) as a reason for her termination.

20.

Defendant terminated Plaintiff's employment in retaliation for reporting Mr. Kehinde's sexually harassing conduct to a Human Resources manager.

21.

Although Defendant listed other reasons for Plaintiff's termination, these reasons are mere pretext to conceal Defendant's retaliatory motive.

22.

On or about July 12, 2012, Plaintiff sent a letter to Defendant's Chief Human Resources Officer, rebutting the reasons given for her termination and requesting an investigation into her wrongful termination.

23.

Plaintiff never received any response to her July 12, 2012 letter requesting an investigation into her wrongful termination.

## CLAIMS FOR RELIEF

## RETALIATION IN VIOLATION OF TITLE VII OF

## THE CIVIL RIGHTS ACT OF 1964

24.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

25.

Plaintiff's complaint to HR Manager George Gibson regarding Mr. Kehinde's sexually harassing behavior constituted protected conduct under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

26.

Defendant subjected Plaintiff to a materially adverse employment action (to wit, termination) because of her protected complaint to HR Manager Gibson.

27.

There was a causal connection between the protected conduct and the adverse action.

28.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered economic and non-pecuniary damages, for which Defendant is liable.

**CLAIMS FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991**

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Defendant United Natural Foods, Inc. terminated Plaintiff's employment, specifically listing her protected complaint as one of the reasons for her termination.  Not only did Defendant fail to properly address her complaint of sexual harassment, it also failed to respond to her request for an investigation into her wrongful termination.  In failing and refusing to take any appropriate remedial

action to remedy the unlawful employment practices, Defendant has not only violated Plaintiff's federally protected rights, it has exhibited malice or reckless indifference to those rights.

31.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

## STATE LAW CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

33.

Defendant's retaliatory conduct was extreme and outrageous.

34.

Defendant intended to inflict severe emotional distress or knew that there was a high probability that the above-referenced conduct would do so.

35.

Defendant's conduct actually caused severe emotional distress to Plaintiff.

36.

Defendant is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff respectfully requests judgment with the following relief:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant United Natural Foods, Inc. has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant United Natural Foods, Inc. from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted the 17th day of October, 2013.

**BARRETT & FARAHANY, LLP**

s/ Benjamin A. Stark
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
Benjamin A. Stark
Georgia Bar No. 601867
Attorneys for Onnie Long

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile